**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

**GERALD DOSS, on behalf of**
**the ESTATE OF**
**HERBERT WAYNE DOSS**

     **Plaintiff,**

**v.**                                               **Civil Action No.5:25-cv-00135**

**WILLIAM K. MARSHALL, individually**
**as the Commissioner of the West**
**Virginia Division of Corrections and**
**Rehabilitation;**
**JOHN FRAME, individually as a**
**Former Superintendent of Southern**
**Regional Jail and an employee of the West**
**Virginia Division of Corrections and**
**Rehabilitation;**
**TYLER BONDS, individually as an**
**employee of the West Virginia Division**
**of Corrections and Rehabilitation;**
**JARED WILLIAMS, individually as an**
**employee of the West Virginia Division**
**of Corrections and Rehabilitation;**
**TAMARA LAGOWSKI, individually**
**as an employee of the West Virginia**
**Division of Corrections and**
**Rehabilitation;**
**HAROLD WITHROW, individually**
**as an employee of the West Virginia**
**Division of Corrections and**
**Rehabilitation;**
**ZACHARY PEGRAM, individually**
**as an employee of the West Virginia**
**Division of Corrections and**
**Rehabilitation;**
**NICHOLAS BURTON, individually**
**as an employee of the West Virginia**
**Division of Corrections and**
**Rehabilitation;**
**TRACY BLEVINS, individually**
**as an employee of the West Virginia**
**Division of Corrections and**

Rehabilitation;
**ANDREW HUDSON, individually**
**as an employee of the West Virginia**
**Division of Corrections and**
**Rehabilitation;**
**DANIEL MILLS, individually**
**as an employee of the West Virginia**
**Division of Corrections and**
**Rehabilitation;**
**CHRISTOPHER ALLEN, individually**
**as an employee of the West Virginia**
**Division of Corrections and**
**Rehabilitation;**
**JESSICA SPARKS, LPN;**
**HALEY JOHNSON, LPN;**
**ASHLEY STROUP, LPN;**
**RACHEL BROOKS, MEDICAL ASSISTANT,**
**BETH WAUGH, LPN;**
**WEXFORD HEALTH SOURCES, INC.;**
**JOHN/JANE DOE WEXFORD HEALTH**
**SOURCES, INC.**
**and**
**JOHN/JANE DOE WVDCR**
**EMPLOYEES.**
     **Defendants.**

---

## COMPLAINT

**COMES NOW**, Plaintiff Gerald Doss, on behalf of the Estate of Herbert Wayne

Doss, by the undersigned counsel, and for his Complaint states and alleges as follows based

upon personal knowledge and/or information and belief:

### I.     JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331

and under its authority to decide pendent state law claims pursuant to 28 U.S.C. § 1367.

2.     Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, 1988 and West

Virginia state law.

3.      Venue is proper because some Defendants can be served with process within the Southern District of West Virginia, Beckley Division, and because the incidents giving rise to this Complaint occurred within the Southern District of West Virginia, Beckley Division.

## II.    **PARTIES**

4.      Plaintiff Gerald Doss (hereinafter "Plaintiff") was at all times relevant hereto a resident of Raleigh County, West Virginia.

5.      Plaintiff was duly appointed as the Administrator of the Estate of Herbert Wayne Doss on April 4, 2023, by the Fiduciary Supervisor of Raleigh County, West Virginia.

6.      Defendant William K. Marshall (hereinafter "Commissioner Marshall") is an employee of the WVDOCR and was at all times relevant hereto acting within the scope of his employment and under color of law as the Commissioner of the WVDOCR.

7.      The West Virginia Division of Corrections and Rehabilitation (hereinafter, the "WVDCR") is a state agency under the authority and control of the West Virginia Department of Homeland Security (hereinafter, the "WVDHS"). The WVDCR operates, manages, and controls all state correctional facilities in West Virginia, including Southern Regional Jail in Beaver, Raleigh County, West Virginia (hereinafter "SRJ").

8.      As Commissioner of the WVDOCR, Commissioner Marshall was at all times relevant hereto vested with executive authority and responsibility for the administration, operation, and control of all WVDOCR facilities and employees of WVDOCR facilities. Commissioner Marshall's duties included establishing, monitoring, and enforcing policy directives and procedures that ensure constitutional confinement and treatment of all individuals in the custody of the WVDOCR. See W. Va. Code § 15A-3-4; W. Va. Code § 15A-3-12.

9. Among other things, Commissioner Marshall was charged with ensuring that inmates housed in any West Virginia jail were not given access to nor had the ability to obtain contraband inside SRJ.

10. Among other things, Commissioner Marshall was charged with ensuring that inmates housed in any West Virginia jail received adequate medical care while incarcerated.

11. Among other things, Commissioner Marshall was charged with ensuring that inmates housed in any West Virginia jail were adequately protected.

12. Commissioner Marshall, who upon information and belief resides in Clay County, West Virginia, is sued for damages in his individual capacity.

13. Defendant John Frame (hereinafter "Former Superintendent Frame") was at all times relevant hereto an employee of the WVDOCR and was at all times relevant hereto acting within the scope of his employment and under color of law as the administrator of SRJ.

14. Former Superintendent Frame was tasked by law with the care and custody of all detainees and prisoners incarcerated at SRJ. Former Superintendent Frame was vested with authority and responsibility for the safe staffing, administration, operation, and control of SRJ, including, but not limited to, the oversight of all SRJ employees, and the authority to promulgate, amend, and implement all policies and procedures within SRJ to ensure constitutional confinement and treatment of all individuals incarcerated therein. See W. Va. Code § 15A-3-5.

15.    Among other things, Former Superintendent Frame was charged with ensuring that inmates housed in SRJ were not given access to nor had the ability to obtain contraband inside West Virginia's correctional facilities.

16.    Among other things, Former Superintendent Frame was charged with ensuring that inmates housed in any West Virginia jail received adequate medical care while incarcerated.

17.    Among other things, Former Superintendent Frame was charged with ensuring that inmates housed in any West Virginia jail were adequately protected.

18.    Former Superintendent Frame, who upon information and belief resides in Wood County, West Virginia, is sued for damages in his individual capacity.

19.    According to W. Va. Code § 15A-3-1, the purpose of the WVDCR is to "establish a just, humane, and efficient corrections program" in West Virginia (emphasis added).

20.    Based upon information and belief, at least thirteen (13) SRJ inmates died between January 1, 2021 and the date of Herbert Wayne Doss's death.

21.    According to the Bureau of Justice Statistics, in 2019, there were 1,200 deaths in local jails nationwide, an average of twenty-four (24) per state.[1]

22.    Defendant Tyler Bonds was a Correction Officer II (hereinafter "CO Bonds"), was at all times relevant hereto an employee of the WVDCR and was at all times relevant hereto acting within the scope of her employment and under color of law as a correctional officer at SRJ.

23.    CO Bonds, who upon information and belief resides in Raleigh County, West Virginia, is sued only in his individual capacity.

---

[1] bjs.ojp.gov/library/publications/mortality-local-jails-2000-2019-statistical-tables (accessed December 19, 2023).

24.     Defendant Jared Williams is a sergeant (hereinafter "Sgt. Williams"), was at all times relevant hereto an employee of the WVDCR and was at all times relevant hereto acting within the scope of his employment and under color of law as a correctional officer at SRJ.

25.     Sgt. Williams, who upon information and belief resides in Raleigh County, West Virginia, is sued only in his individual capacity.

26.     Defendant Tamara Lagowski, who was a correctional officer II (hereinafter "CO Lagowski"), was at all times relevant hereto an employee of the WVDCR and was at all times relevant hereto acting within the scope of her employment and under color of law as a correctional officer at SRJ.

27.     CO Lagowski, who upon information and belief resides in Raleigh County, West Virginia, is sued only in her individual capacity.

28.     Defendant Harold Withrow, who was a captain (hereinafter "Cpt. Withrow"), was at all times relevant hereto an employee of the WVDCR and was at all times relevant hereto acting within the scope of his employment and under color of law as a correctional officer at SRJ.

29.     Cpt. Withrow, who upon information and belief resides in Raleigh County, West Virginia, is sued only in his individual capacity.

30.     Defendant Zachary Pegram, who was a captain (hereinafter "Cpt. Pegram"), was at all times relevant hereto an employee of the WVDCR and was at all times relevant hereto acting within the scope of his employment and under color of law as a correctional officer at SRJ.

31.    Cpt. Pegram, who upon information and belief resides in Raleigh County, West Virginia, is sued only in his individual capacity.

32.    Defendant Nicholas Burton, who was a captain (hereinafter "Cpt. Burton"), was at all times relevant hereto an employee of the WVDCR and was at all times relevant hereto acting within the scope of his employment and under color of law as a correctional officer at SRJ.

33.    Cpt. Burton, who upon information and belief resides in Raleigh County, West Virginia, is sued only in his individual capacity.

34.    Defendant Tracy Blevins, who was a corporal (hereinafter "Cpl. Blevins"), was at all times relevant hereto an employee of the WVDCR and was at all times relevant hereto acting within the scope of his employment and under color of law as a correctional officer at SRJ.

35.    Cpl. Blevins, who upon information and belief resides in Raleigh County, West Virginia, is sued only in his individual capacity.

36.    Defendant Andrew Hudson, who was a major (hereinafter "Maj. Hudson"), was at all times relevant hereto an employee of the WVDCR and was at all times relevant hereto acting within the scope of his employment and under color of law as a correctional officer at SRJ.

37.    Major Hudson, who upon information and belief resides in Fayette County, West Virginia, is sued only in his individual capacity.

38.    Defendant Daniel Mills, who was a corporal (hereinafter "Cpl. Mills"), was at all times relevant hereto an employee of the WVDCR and was at all times relevant hereto acting within the scope of his employment and under color of law as a correctional officer at SRJ.

39.    Cpl. Mills, who upon information and belief resides in Raleigh County, West Virginia, is sued only in his individual capacity.

40.    Defendant Christopher Allen, who was a correctional officer (hereinafter "CO Allen), was at all times relevant hereto an employee of the WVDCR and was at all times relevant hereto acting within the scope of his employment and under color of law as a correctional officer at SRJ.

41.    CO Allen, who upon information and belief resides in Raleigh County, West Virginia, is sued only in his individual capacity.

42.    Wexford Health Sources, Inc., (hereinafter "Wexford") is a Florida corporation with its principal place of business in Pittsburgh, Pennsylvania. From June of 2022 to the present, Wexford has been the healthcare provider contracted with the West Virginia Department of Corrections for the provision of medical care at Southern Regional Jail.

43.    Defendant Wexford was responsible for providing medical care to inmates at Southern Regional Jail, including Herbert Wayne Doss. Defendant Wexford is liable for acts and omissions of its agents and employees. Defendant Wexford performed medical acts within the state of West Virginia relating to the provision of medical care at Southern Regional Jail.

44.    Upon information and belief, Defendant Jessica Sparks, LPN, was at all times relevant hereto an employee of Wexford and was acting within the scope of her employment when she provided medical treatment to Herbert Wayne Doss at Southern Regional Jail and, upon information and belief, is a resident of Raleigh County, West Virginia.

45.    Upon information and belief, Defendant Haley Johnson, LPN, was at all times relevant hereto an employee of Wexford and was acting within the scope of her

employment when she provided medical treatment to Herbert Wayne Doss at Southern Regional Jail and, upon information and belief, is a resident of Mingo County, West Virginia.

46.    Upon information and belief, Defendant Ashley Stroup, LPN, was at all times relevant hereto an employee of Wexford and was acting within the scope of her employment when she provided medical treatment to Herbert Wayne Doss at Southern Regional Jail and, upon information and belief, is a resident of Fayette County, West Virginia.

47.    Upon information and belief, Defendant Beth Waugh, LPN, was at all times relevant hereto an employee of Wexford and was acting within the scope of her employment when she provided medical treatment to Herbert Wayne Doss at Southern Regional Jail and, upon information and belief, is a resident of Raleigh County, West Virginia, and possible dual residency in Kentucky.

48.    Upon information and belief, Defendant Rachel Brooks, Medical Assistant, was at all times relevant hereto an employee of Wexford and was acting within the scope of her employment when she provided medical treatment to Herbert Wayne Doss at Southern Regional Jail and, upon information and belief, is a resident of Wyoming County, West Virginia.

49.    Defendants John/Jane Doe, employees of Wexford Health Sources, Inc., are yet to be identified and provided medical treatment to Herbert Wayne Doss during his pretrial detention/incarceration at Southern Regional Jail and/or participated in the development of a treatment plan for Herbert Wayne Doss during his pretrial detention/incarceration at Southern Regional Jail.

50.    Defendants John/Jane Doe, employees of WVDCR, are yet to be identified who worked at Southern Regional Jail on or about March 3, 2023, and dates leading up thereto.

51.    All Defendants, excepting Wexford, are sued up to the limits of their insurance policy(s) that provides liability coverage for their actions and omissions, or as otherwise permitted by law.

### III.    INTRODUCTION

52. Jails and their contractors are not permitted to act with deliberate indifference toward the health and safety of inmates. See *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Scinto v. Stansberry*, 841 F.3d 219, 226 (4th Cir. 2016).

53. Under the Eighth and Fourteenth Amendments to the United States Constitution, jail officials have a duty to provide inmates with adequate medical care. See *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016); *Dawson v. Kendrick*, 527 F. Supp. 1252, 1282-1284 (S.D.W.Va. 1981)

54. "An inmate must reply on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.  In the worst cases, such a failure may actually product physical 'torture or a lingering death.' …[i]n less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose.  The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency…" *Dawson*, 527 F. Supp. At 1306 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103-105, 97 S.Ct. 285, 190-291 (1976)).   "[T]he deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Id*.

55. Wexford "shall provide sufficient numbers of properly credentialed, licensed, and qualified healthcare personnel to provide the services listed in [the 2021] RFP.  This shall include, but not be limited to, appropriately licensed and credentialed physicians, QMHP, dental personnel, optometrists, nurses, pharmacists, clerical staff, administrative and all other staff required to comply with the purpose and intent of [the 2021] RFP." Id. ¶ 3.2.2.29.

56. On March 3, 2023, at the time of Herbert Wayne Doss' medical emergency, Wexford failed to provide a medical provider, practitioner or caregiver beyond LPNs, who are not able, within their scope of practice, to triage and who should have been, pursuant to West Virginia Code 30-7A-1, performing "selected nursing acts in the care of the ill, injured, or infirm **under the direction of a registered professional nurse** or licensed physician . . ." (emphasis supplied). No such person was a on site at the Southern Regional Jail or responded to or directed the actions of the LPNs and Medical Assistant who did respond.

57. Wexford's failure to have enough properly credentialed, licensed, and qualified healthcare personal was consistent with Wexford's overall practices and procedures of providing less than the contracted coverage at SRJ and Wexford's continuing failure to meet standards of care by the provision of appropriate healthcare personnel to inmates at SRJ from June of 2022 through March 3, 2023.

58. Herbert Wayne Doss became incarcerated at SRJ on December 10, 2021, and was found unresponsive in his cell on March 3, 2023, having overdosed on an illegal substance that was brought into the Defendant's facility, in whole or in part, because of the wrongdoing of Defendants, and in violation of WVDCR's contraband policies.

59. During the medical intake evaluation of Herbert Wayne Doss in December of 2021, Herbert Wayne Doss admitted substance use and addiction disorder, which are noted in his medical record and were continually noted by Defendant Wexford throughout his treatment and to the time of his death for both heroin and benzodiazepines. His medical record contains diagnoses/problems associated with both heroin and benzodiazepine detoxification.

60. Mr. Doss was placed on detox protocols upon admission by the prior medical provider, PrimeCare Medical of West Virginia, Inc., and/or PrimeCare Medical, Inc., which records were accessible to Defendant Wexford.

61.　　Throughout Herbert Wayne Doss's incarceration, he was continually treated for anxiety and depression, noted to have sleep disturbances, and received medication changes both in the nature of medicine and dosage, but despite his medical record containing information that he was long-term substance abuse disordered and had indeed overdosed previously while incarcerated at Southern Regional Jail, he was not appropriately drug screened under the medical care of Wexford or the Wexford employee defendants.

62.　　Herbert Wayne Doss was taken by ambulance from SRJ to Beckley Appalachian Regional Hospital, where he was pronounced dead on March 3, 2023, at 6:21 AM. Subsequent thereto, his cause of death was determined to be a Fentanyl overdose.

63.　　Herbert Wayne Doss was not ordered or dispensed Fentanyl or any other illegal substance as part of his medical care while incarcerated at SRJ.

64.　　Herbert Wayne Doss could have only ingested Fentanyl or other illegal substances if it was brought into SRJ as the result of the deliberate indifference of Defendants.

65.　　For an extended period of time prior to March 3, 2023, the Defendants knew and/or should have known that illegal substances had been brought into their facility by inmates, corrections staff, food/medical vendors, and/or others, and there was a serious risk of substantial harm to Herbert Wayne Doss because of the use of illegal substances, and Defendants did nothing to prevent Herbert Wayne Doss from ingesting illegal substances

while in WVDCR custody. Defendants knew or should have known that other inmates had succumbed to overdose and/or toxicity due to the use of illegal substances, including Fentanyl, at SRJ prior to March 3, 2023.

66.    At all times relevant herein, the bringing of illegal substances and contraband into Defendant's facilities were at epidemic levels because of the chronic understaffing of Defendant's facilities and lack of control over the screening process of persons entering Defendant's facilities and failure to enforce its own contraband policies.

67.    The understaffing of Defendant's facilities has created an environment where even minimum standards for correctional facilities cannot be met and, in 2022, the Governor of West Virginia declared a state of emergency because the staffing shortages at the Defendant's facilities were creating conditions that violated the constitutional rights of persons incarcerated therein and created an environment where injury and death to incarcerated persons increased because of said understaffing.

## IV.    STATEMENT OF FACTS

68.    Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

69.    At all times relevant hereto, Herbert Wayne Doss was incarcerated at SRJ and in the custody and care of the WVDCR.

70.    On December 10, 2021, Herbert Wayne Doss was booked at SRJ.

71.    Upon information and belief, Mr. Doss's medical intake screening, which was completed by prior WVDCR medical provider PrimeCare, did reflect a past medical history of drug use, need for detoxification, depression, and anxiety, and this intake was available to Wexford.

72.     Upon information and belief, Mr. Doss was placed in a detoxification protocol but also suffered a Fentanyl toxicity event for which he was taken to the hospital and returned to Southern Regional Jail and placed on punitive restrictions.

73.     At approximately 5:10 AM on March 3, 2023, inmates sharing B-7-7 with Herbert Wayne Doss were awakened when Mr. Doss fell from his bed slab onto the floor. Upon information and belief, a fellow inmate attempted to gain medical assistance immediately by pressing the call button inside B-7-7, but that call button did not work, and several minutes were lost as a result. Unable to awaken Herbert Wayne Doss, inmates threw themselves against the cell door of B-7-7, causing it to open, and made a call on the pod call button seeking assistance. Upon information and belief, at approximately 5:13 AM on March 3, 2023, an inmate successfully contacted the tower via the B7 pod call button to report Mr. Doss was in a medical emergency. Upon information and belief, at approximately 5:15 AM, Defendants Cpl. Blevins, Cpt. Burton, CO Bonds, CO Lagowski, and Cpl. Mills enter B-7. Upon information and belief, sometime thereafter, Wexford employees Johnson, Sparks, and Brooks enter B-7 accompanied by Sgt. Williams. Upon information and belief, more than seven minutes after the call from an inmate and more than 10 minutes after a fellow inmate attempted to make a call to the tower, CO Lagowski was dispatched to retrieve necessary medical equipment. Thereafter, CO Allen and Wexford employee Beth Waugh arrived with a stretcher.

74.     Upon information and belief, almost 10 minutes after inmates discovered Mr. Doss and attempted to gain assistance, the Wexford defendants, Sparks, Johnson, Stroup, Brooks, and Waugh, have failed to administer oxygen to Herbert Wayne Doss.

75.    Upon information and belief, more than 12 minutes after inmates attempted to gain assistance for Mr. Doss, Wexford employees Sparks, Johnson, Stroup, Brooks, and Waugh have failed even to attempt utilization of the available AED.

76.    By the time AED use was administered, the AED reported no shock advised. Upon information and belief, there are no available oxygen sat scores taken by Wexford or recorded during this medical emergency.

77.    Upon information and belief, WVDCR employees initiated CPR shortly after entering B-7-7, and those resuscitation efforts were then assumed by Wexford employees once they reached Cell B-7-7.

78.    Upon information and belief, the AED, though located on the crash cart, was left on the crash cart by medical personnel and not retrieved until questions were raised as to its absence by WVDCR employee Burton.

79.    That several golden minutes of opportunity to preserve the life of Herbert Wayne Doss were lost through a combination of a non-working call button in B-7-7, a medical response which fell below all applicable standards of care, and was recklessly indifferent toward the health and wellbeing of Herbert Wayne Doss, which included failures to administer oxygen and failure to attempt utilization of an AED during early stages of the onset of this medical emergency.

80.    Herbert Wayne Doss could have only ingested an illegal substance if it were brought into SRJ, in violation of WVDCR's contraband policies, as a result of the deliberate indifference of Defendants.

81.    At the time of his injury, Herbert Wayne Doss was housed in B-Pod, Section 7 at SRJ and was under the care of WVDCR and SRJ.

82.     The state of emergency declared by the Governor has been widely reported in the news media and West Virginia Division of Corrections and Rehabilitation Former Commissioner, Brad Douglas, told a legislative committee in 2023, "There are 1,027 vacancies, which is 33% vacancy rate for officers and a 27% vacancy rate overall. That number, as you can see there on your chart, it's slowly getting worse."

83.     Defendants violated WVDCR Policy Directive 308.00 Contraband Control & Preservation of Physical Evidence by failing to ensure appropriate security practices, including designation of secure areas, evidencing an ongoing system designed to detect contraband, preventing its introduction, and removing it when found.

84.     As a result of the Defendants' deliberate indifference and violation of their own policies and procedures, Herbert Wayne Doss passed away at SRJ on March 3, 2023, because Defendants failed to protect Herbert Wayne Doss.

85.     Wexford Defendants failed to treat, monitor or address Herbert Wayne Doss' admitted drug addiction, failed to screen him between June of 2022 and March 3, 2023,  and failed to monitor him for potential drug use.  Wexford Defendants failed to provide appropriately qualified and certified Healthcare Personnel such that no registered nurse or other LPN supervisor or director was available to respond to Herbert Wayne Doss' medical emergency, with a resulting confusion among the LPNs and Medical Assistant who did respond, a delay in administration of oxygen in critical minutes, a delay in the provision of appropriate medical equipment, a delay in administration of AED, and actions of LPNS and a Medical Assistant without RN or greater supervision.

86.     As a result of Wexford Defendants' failures set forth herein and the inadequacies in care and provisions of personnel, Herbert Wayne Doss passed away at SRJ on March 3, 2023.

## V.      APPLICABLE LEGAL STANDARDS

87.     Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, all the allegations contained in the above paragraphs of the Complaint.

88.     Defendants have a duty to inmates to provide adequate and appropriate safety measures and medical care to ensure that those persons to whom they assign this duty are appropriately providing care to incarcerated persons, and they breached this duty to Herbert Wayne Doss.

89.     The Defendants failed to oversee the actions/inactions of their employees, representatives and agents resulting in deliberately indifferent conduct occurring that affected Herbert Wayne Doss placement within the jail and treatment and provision for safety during his incarceration, including permitting Herbert Wayne Doss to have access to illegal substances and failure to prevent the introduction of illegal substances into the inmate population in SRJ.

90.     All Defendants, as detailed throughout this Complaint and in the above and below factual descriptions and causes of actions, either directly caused damages and Herbert Wayne Doss' death through their negligent, deliberately indifferent and/or reckless actions/inactions, failed to adequately take steps to care for Herbert Wayne Doss or are vicariously liable for the same for the reasons stated throughout this Complaint.

91.     As is detailed herein below, Defendants are not entitled to qualified immunity under §1983 or state law because (1) they violated a federal or constitutional right of Herbert Wayne Doss and (2) the unlawfulness of their conduct as it pertained to Herbert Wayne Doss was clearly established at the time of his injuries. *Reichle v. Howards*, 566 U.S. 658, 664 (2012).

92.     As is detailed herein, under the Eighth and Fourteenth Amendments to the U.S. Constitution, there is clear evidence that there was deliberate indifference to the serious medical needs and safety needs of Herbert Wayne Doss by Defendants.

93.     As is detailed herein below, Herbert Wayne Doss clearly establishes a due process violation for deliberate indifference to the serious medical needs and safety needs of Herbert Wayne Doss as it is legally inferred that the Defendants failed to respond to Herbert Wayne Doss' known medical needs. *Miltier v. Beorn*, 896 F.2d 848, 853 (4th Cir. 1990).

## **COUNT I- DELIBERATE INDIFFERENCE UNDER 42 U.S.C. § 1983, *et seq*.**

94.     Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, all the allegations contained in the above paragraphs of the Complaint.

95.     The conduct of Defendants in permitting persons to bring illegal substances into the SRJ is a violation of standards applicable to correctional facilities and was a proximate cause and/or contributing factor to the injuries suffered by Herbert Wayne Doss, resulting in his death.

96.     This conduct by Defendants showed deliberate indifference to the medical needs of Herbert Wayne Doss and the unlawfulness of this conduct by Defendants was sufficiently clear so that every reasonable public official in their position would understand that what they were doing was unlawful.

## **COUNT II - VIOLATIONS OF THE WEST VIRGINIA STATE AND U.S. CONSTITUTIONS**

97.     Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, all the allegations contained in the above paragraphs of the Complaint.

98.    The actions of Defendants violated the constitutional rights guaranteed to Herbert Wayne Doss under the Eighth and Fourteenth Amendments to the U.S. Constitution and Article III, Sections l, 5, 10 and 14 and Article XII, Section 1 of the West Virginia Constitution.

99.    With respect to all Defendants excepting Wexford, Plaintiff specifically only seeks recovery up to the limits of the applicable insurance policies.

## COUNT III - NEGLIGENCE AND VIOLATIONS OF CONSTITUTIONAL RIGHTS

100.    Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, all the allegations contained in the above paragraphs of the Complaint.

101.    The actions and/or inactions of the Defendants as described herein above constitute negligence and/or violations of Herbert Wayne Doss' Constitutional rights and subjects them to liability to Herbert Wayne Doss under West Virginia and Federal Law, as stated herein above. Specifically, Defendants violated Herbert Wayne Doss' constitutional rights through their unlawful and deliberately indifferent conduct as set forth herein above.

## COUNT IV- PROFESSIONAL MEDICAL NEGLIGENCE

102.    Plaintiff incorporates herein by reference all preceding paragraphs of the Complaint as if set forth fully herein verbatim.

103.    Wexford through its agents and employees, owed Mr. Doss a duty of care under West Virginia's Medical Professional Liability Act ("MPLA"), West Virginia Code § 55-7B-1, et seq. as the applicable health care provider for Plaintiff.

104.    Wexford contracted with the State of West Virginia to provide inmates like Mr. Doss with constitutionally adequate healthcare which meets the applicable standard of care.

105.     Wexford owed a duty of care to Mr. Doss to properly evaluate his condition and provide him with care which met the standard of care and to provide a sufficient number of qualified healthcare personnel at SRJ as Mr. Doss was limited to the medical care and response provided by Wexford while housed at SRJ.

106.     Wexford and its employees and agents named herein deviated from the standard of care as set more fully herein, resulting in deliberate indifference to the serious medical needs of Mr. Doss and causing or contributing to his death.

107.     Wexford and its employees and agents deviated from the standard of care by failing to enforce NCCHC standards, failing to comply with the provision of sufficient number s of qualified healthcare personnel,  and its own policies and procedures, which resulted in Mr. Doss' death.

108.     Wexford Defendants failed to monitor Mr. Doss for substance abuse, despite his depression and anxiety,  and despite knowledge that illegal substances were being passed to and within the inmate population, including fentanyl.

109.     Wexford's failure, and the failure of the Wexford LPNs and Mas named herein, to provide care during Mr. Doss' medical emergency which complied with and met the standard of care directly and proximately caused Mr. Doss' death.   Wexford customarily, through practices and procedures adopted and/or maintained by Wexford routinely resulted in healthcare providers acting outside and beyond the scope of their qualifications or practice, without adequate or legally imposed supervision.

110.     Wexford Defendants' failure to follow the accepted standard of care deprived Mr. Doss of a chance of recovery and increased his risk of harm, which was a substantial factor in bringing about his pain, suffering, and untimely death.

111.    As a direct and proximate result of the Defendants' negligent, careless and reckless conduct, Mr. Doss suffered severe bodily injury, conscious pain and suffering, and an untimely death.  Plaintiff will seek to recover all damages permitted under the law, including but not limited to, all damages recoverable under the West Virginia wrongful death statute, W. Va. Code § 55-7-6.

112.    The actions of Defendants were reprehensible, willful and wanton, malicious, and in blatant disregard for the rights owed to Mr. Doss, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

113.    By their actions and inactions set forth herein, Defendants failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider acting in the same or similar circumstances.

114.    Wexford is vicariously liable for the actions and omissions of its employees committed within the scope of their employment.

## COUNT V - NEGLIGENT HIRING

115.    Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

116.    At all times relevant hereto, Defendants owed inmates at SRJ, including Herbert Doss, a duty to not hire employees and place them in position of power and authority where they can cause serious harm or injuries to others.

117.    Upon information and belief, Defendants did not conduct a reasonable investigation into the background of their Employee Defendants and did not adequately assess the possible risk of serious harm or injury to third-parties that could result from the conduct of their Employee Defendants if they were employed at SRJ.

118.    Upon information and belief, Defendants' employees had a history of prior grossly negligent acts and misconduct, including but not limited to, neglect, cruel and unusual punishment and the unnecessary and wanton infliction of pain; and deliberate indifferent to, and willfully ignoring, the health, safety, and serious medical needs of inmates.

119.    Upon information and belief, had the Defendants conducted a reasonable investigation into the background of their Employee Defendants, they would have discovered that their Employee Defendants had a history of grossly negligent acts and misconduct.

120.    Upon information and belief, had the Defendants conducted a reasonable investigation into the background of their Employee Defendants, their grossly negligent acts described herein could have been prevented.

121.    Defendants violated clearly established rights and/or laws with respect to the hiring of its Employee Defendants, evidencing a deliberate indifference to Herbert Wayne Doss' rights.

122.    As a direct and proximate result of the Defendants' grossly negligent conduct, Herbert Wayne Doss suffered severe bodily injury, conscious pain and suffering, and an untimely death.  Plaintiff will seek to recover all damages permitted under the law, including but not limited to, all damages recoverable under the West Virginia survival and wrongful death statutes, W. Va. Code §§ 55-7-5 and 55-7-6.

123.    The actions of the Defendants were reprehensible, willful and wanton, malicious, and in blatant disregard for the rights owed to Herbert Wayne Doss.

124.    The Defendants' reprehensible, willful and wanton, malicious conduct and blatant disregard for the rights owed to Herbert Doss justify an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

**COUNT VI- NEGLIGENT SUPERVISION AND TRAINING**

125.    Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

126.    At all times relevant hereto, Defendants owed inmates at SRJ, including Herbert Wayne Doss, a duty of care.

127.    Defendants owed inmates at SRJ, including Herbert Wayne Doss, a duty to supervise and train their employees, especially those in positions of power and authority, to prevent them from acting in a grossly negligently manner and causing serious harm or injuries to others properly and adequately.

128.    Upon information and belief, the Defendants' employees were not properly or adequately supervised at SRJ.

129.    Upon information and belief, the Defendants' employees were not properly or adequately trained at SRJ.

130.    Upon information and belief, the Defendants' grossly negligent supervision and training of their Employee Defendants allowed them to freely commit the grossly negligent and reckless acts described herein.

131.    Upon information and belief, had the Defendants properly and adequately supervised and trained their Employee Defendants, their grossly negligent and reckless acts described herein could have been prevented.

132.    The Defendants violated clearly established rights and/or laws with respect to the supervision and training of its Employee Defendants, inter alia, W. Va. Code § 15A-3-4(a)(4), W. Va. Code § 15A-3-5, and WVDCR Regulations.

133.    As a direct and proximate result of the Defendants' grossly negligent and reckless conduct, Herbert Wayne Doss suffered severe bodily injury, conscious pain and suffering, and an untimely death.  Plaintiff will seek to recover all damages permitted under the law, including but not limited to, all damages recoverable under the West Virginia wrongful death statute, W. Va. Code §§ 55-7-6.

134.    The actions of the Defendants were reprehensible, willful and wanton, malicious, and in blatant disregard for the rights owed to Herbert Wayne Doss, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

## COUNT VII - NEGLIGENT RETENTION

135.    Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

136.    At all times relevant hereto, the Defendants owed inmates at SRJ, including Herbert Wayne Doss, a duty of care.

137.    The Defendants owed inmates at SRJ, including Herbert Wayne Doss, a duty to not negligently retain unfit employees, especially those in position of power and authority, who have engaged in grossly negligent, reckless, or otherwise wrongful conduct.

138.    Upon information and belief, the Defendants' employees had a history of prior grossly negligent, reckless acts and misconduct, including but not limited to, neglect, cruel and unusual punishment and the unnecessary and wanton infliction of pain; and

deliberate indifferent to, and willfully ignoring, the health, safety, and serious medical needs of inmates.

139.    Despite these aforementioned grossly negligent and reckless acts, as described herein, the Defendants' employees were retained.

140.    Upon information and belief, the Defendants knew or should have known that their Employee Defendants were unfit but retained them anyway.

141.    Upon information and belief, the Defendants could have reasonably foreseen the possible risk of harm or injury to others that could result from the conduct of their unfit Employee Defendants.

142.    Upon information and belief, had the Defendants not negligently retained their Employee Defendants, their grossly negligent and reckless acts described herein could have been prevented.

143.    The Defendants violated clearly established rights and/or laws with respect to the retention of its Employee Defendants, inter alia, W. Va. Code § 15A-3-5 and WVDCR Regulations.

144.    As a direct and proximate result of the Defendants' grossly negligent and reckless conduct, Herbert Wayne Doss suffered severe bodily injury, conscious pain and suffering, and an untimely death.  Plaintiff will seek to recover all damages permitted under the law, including but not limited to, all damages recoverable under the West Virginia survival and wrongful death statutes, W. Va. Code §§ 55-7-5 and 55-7-6.

145.    The actions of the WVDCR were reprehensible, willful and wanton, malicious, and in blatant disregard for the rights owed to Herbert Wayne Doss, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

## COUNT VIII – FOURTEENTH AMENDMENT VIOLATIONS UNDER 42

## U.S.C. § 1983

146.    Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

147.    Defendants, while acting under color of law and within the scope of their employment, violated the Fourteenth Amendment right of pretrial detainees to be free of punishment without due process.

148.    The actions of Defendants, described hereinabove, violated the constitutional rights guaranteed to Herbert Wayne Doss, under the Fourteenth Amendment to the United States Constitution by depriving him of basic human necessities, constituting punishment without due process.

149.    Defendants imposed and/or permitted these conditions despite said conditions not being reasonably related to any legitimate non-punitive governmental or penological objective.

150.    Defendants were deliberately indifferent to the health, safety, and other basic needs of the Plaintiff, as described hereinabove, by having actual knowledge of such conditions and deliberately taking no action to remedy them in a timely or appropriate manner.

151.    Defendant supervisors likewise exhibited supervisory indifference or tacit authorization of the misconduct of subordinates and the constitutional injuries committed by said subordinates.

152.    Defendant supervisors had actual or constructive knowledge that their subordinates were engaged in conduct that posed a pervasive and unreasonable risk of

constitutional injury and the Defendant supervisors' response to said knowledge was so inadequate as to show deliberate indifference or tacit authorization of these constitutional injuries.

153.    The actions of Defendants, described hereinabove, were not taken in good-faith, were objectively unreasonable, and were in violation of clearly established law.

154.    During the time period at issue, it was clearly established that the serious deprivations of basic human needs at SRJ, as described hereinabove, violated the Eighth and Fourteenth Amendments to the United States Constitution.

155.    The actions of Defendants, described hereinabove, deliberately injured Hebert Wayne Doss in a way unjustified by any governmental interest.

156.    The actions of Defendants, described hereinabove, shock the conscience.

157.    The actions of Defendants, described hereinabove, were unlawful and unjustified.

158.    As a direct and proximate result of Defendants' unlawful, unjustified, and unconstitutional actions, Herbert Wayne Doss suffered a deprivation of his Constitutional rights and physical harm, and will seek compensatory and nominal damages for, inter alia, physical pain and discomfort; the physical effects of delayed and insufficient medical treatment resulting in his death, and illegal substances being smuggled into the jail where Herbert Wayne Doss was housed, resulting in his death.

159.    In addition to these compensatory damages, the Plaintiff will also seek to recover, under 42 U.S.C. § 1988, attorneys' fees and cost incurred during the course of this litigation.

160.    The actions of Defendants were reprehensible, willful and wanton, malicious, and in blatant disregard for the rights owed to Herbert Wayne Doss, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

## COUNT IX - FOURTEENTH AMENDMENT VIOLATIONS UNDER 42

## U.S.C. § 1983

### (Deliberate Indifference To Serious Medical Needs)

161.    The Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

162.    Defendants, while acting under color of law and within the scope of their employment, violated the Fourteenth Amendment right of pretrial detainees to be free of punishment without due process.

163.    The actions of Defendants, described hereinabove, violated the constitutional rights guaranteed to Herbert Wayne Doss, and all similarly situated inmates and former inmates, under the Fourteenth Amendment to the United States Constitution by acting with deliberate indifference to the serious medical needs of inmates by properly qualified and certified healthcare personnel.

164.    As described hereinabove, Defendants routinely failed to promptly provide necessary and reasonable medical treatment to Herbert Wayne Doss.

165.    Defendants were deliberately indifferent to, and willfully ignored, the serious medical needs of Herbert Wayne Doss as described hereinabove, by failing to establish, monitor, and/or enforce policy directives and operational procedures to ensure that inmates at SRJ receive prompt and reasonable treatment for their medical needs.

166.    Defendant supervisors likewise exhibited supervisory indifference or tacit authorization of the misconduct of subordinates and the constitutional injuries committed by said subordinates.

167.    Defendant supervisors had actual or constructive knowledge that their subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury and the Defendant supervisors' response to said knowledge was so inadequate as to show deliberate indifference or tacit authorization of these constitutional injuries.

168.    The actions of Defendants, described hereinabove, were not taken in good-faith, were objectively unreasonable, and were in violation of clearly established law.

169.    During the time period at issue, it was clearly established that failing to promptly provide necessary and reasonable medical treatment to inmates at SRJ, as described hereinabove, violated the Fourteenth Amendment to the United States Constitution.

170.    The actions of Defendants, described hereinabove, deliberately injured the Plaintiff in a way unjustified by any governmental interest.

171.    The actions of Defendants, described hereinabove, shock the conscience.

172.    The actions of Defendants, described hereinabove, were unlawful and unjustified.

173.    As a direct and proximate result of Defendants' unlawful, unjustified, and unconstitutional actions, Herbert Wayne Doss suffered a deprivation of his Constitutional rights and physical harm, and will seek compensatory and nominal damages for, inter alia, physical pain and discomfort; the physical effects of delayed medical treatment resulting in his death, and illegal substances being smuggled into the jail where Herbert Wayne Doss was housed, resulting in his death.

174.    In addition to these compensatory damages, the Plaintiff will also seek to recover, under 42 U.S.C. § 1988, attorneys' fees and cost incurred during the course of this litigation.

175.    The actions of Defendants were reprehensible, willful and wanton, malicious, and in blatant disregard for the rights owed to Herbert Wayne Doss, thereby justifying an award of

punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

## **WAIVER OF GOVERNMENTAL IMMUNITY AND PUNITIVE DAMAGES**

176.    Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, all the allegations contained in the above paragraphs of the Complaint.

177.    The conduct of Defendants and John/Jane Doe Defendants, described herein above, including their flagrant disregard of Herbert Wayne Doss' medical needs, was willful, wanton, reckless, fraudulent, oppressive, and outrageous under any definition of those terms.

178.    Under common law, the case of *Parkulo v. West Virginia Board of Probation and Parole and the West Virginia Division of Corrections*, 199 W.Va. 161, 483 S.E.2d 507 (1997), Syllabus Point 8, there is no immunity for an executive official whose acts are fraudulent, malicious, or otherwise oppressive. In this matter, the Defendants and John/Jane Doe Defendants' conduct has been fraudulent, malicious and/or oppressive.

179.    As to Defendants and John/Jane Doe Defendants, there is no immunity, cap on damages, or other tort damage limitation applicable to Plaintiff's claims, including, but not limited to, punitive damages and all other forms of damages available to Plaintiff against any non-governmental entity.

**WHEREFORE**, Plaintiff, individually and on behalf of the Estate of Herbert Wayne Doss, requests that the Court:

    a)  Award all compensatory damages allowed by law;

    b)  Award punitive damages, where applicable;

c) Award attorney's fees and costs incurred during the course of this litigation, pursuant to 42 U.S.C. § 1988;

d) Grant any and all relief Plaintiff may be entitled to in law or equity; and

e) Any further relief this Honorable Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**GERALD DOSS on behalf of the ESTATE OF HERBERT WAYNE DOSS**

**By Counsel**

*/s/ Stephen P. New*
Stephen P. New (WVSB No. 7756)
Emilee B. Wooldridge (WVSB No. 14310)
Stephen New & Associates
430 Harper Park Drive
Beckley, West Virginia 25801
Ph: (304) 250-6017
Fax: (304) 250-6012
steve@newlawoffice.com
emilee@newlawoffice.com

Timothy Lupardus (WVSB No. 6252)
The Lupardus Law Office
275 Bearhole Road
Pineville, West Virginia 24874
(304) 732-0250
office@luparduslaw.com

Zachary Whitten (WVSB No. 13709)
The Whitten Law Office
P.O. Box 753
Pineville, West Virginia 24874
zwhittenlaw@gmail.com