**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

**GERALD DOSS, on behalf of**
**the ESTATE OF**
**HERBERT WAYNE DOSS**

      **Plaintiff,**

**v.**                                        **Civil Action No.5:25-cv-00135**

**WILLIAM K. MARSHALL, Individually**
**as Commissioner of the West**
**Virginia Division of Corrections and**
**Rehabilitation;**
**JOHN FRAME, individually as a**
**Former Superintendent of Southern**
**Regional Jail and an employee of the West**
**Virginia Division of Corrections and**
**Rehabilitation;**
**TYLER BONDS, individually as an**
**employee of the West Virginia Division**
**of Corrections and Rehabilitation;**
**JARED WILLIAMS, individually as an**
**employee of the West Virginia Division**
**of Corrections and Rehabilitation;**
**TAMARA LAGOWSKI, individually**
**as an employee of the West Virginia**
**Division of Corrections and**
**Rehabilitation;**
**HAROLD WITHROW, individually**
**as an employee of the West Virginia**
**Division of Corrections and**
**Rehabilitation;**
**ZACHARY PEGRAM, individually**
**as an employee of the West Virginia**
**Division of Corrections and**
**Rehabilitation;**
**NICHOLAS BURTON, individually**
**as an employee of the West Virginia**
**Division of Corrections and**
**Rehabilitation;**
**TRACY BLEVINS, individually**

**as an employee of the West Virginia
Division of Corrections and
Rehabilitation;
ANDREW HUDSON, individually
as an employee of the West Virginia
Division of Corrections and
Rehabilitation;
DANIEL MILLS, individually
as an employee of the West Virginia
Division of Corrections and
Rehabilitation;
CHRISTOPHER ALLEN, individually
as an employee of the West Virginia
Division of Corrections and
Rehabilitation;
JESSICA SPARKS, LPN;
HALEY JOHNSON, LPN;
ASHLEY STROUP, LPN;
RACHEL BROOKS, MEDICAL ASSISTANT;
BETH WAUGH, LPN;
WEXFORD HEALTH SOURCES, INC.;
JOHN/JANE DOE WEXFORD HEALTH
SOURCES, INC. EMPLOYEES
and
JOHN/JANE DOE WVDCR EMPLOYEES.**

     **Defendants**

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF
DEFENDANTS TYLER BONDS, TAMARA LAGOWSKI, JARED WILLIAMS,
NICHOLAS BURTON, DANIEL MILLS, AND CHRISTOPHER ALLEN**</u>

### I.    <u>Introduction</u>

Pending before the Court is Defendants, Tyler Bonds, Tamara Lagowski, Jared Williams, Nicholas Burton, Daniel Mills, and Christopher Allen (hereinafter "these Defendants"), Motion to Dismiss. These Defendants submit this Memorandum of Law in support of said Motion.

### II.    <u>Statement of Facts</u>

This civil action arises out of the allegation from Plaintiff, the estate of a formerly incarcerated individual, which alleges the named Defendants in this case were deliberately

indifferent to allowing illegal narcotics to be smuggled into Southern Regional Jail ("SRJ") and deliberately indifferent toward a medical emergency Plaintiff had following his ingestion of the illegal narcotics while incarcerated in B-7-7 in SRJ on or about March 3, 2023. *See* First Amened Comp. ¶¶54-143. Plaintiff ultimately passed away on or about March 3, 2023. *Id*. at ¶133.

According to Plaintiff's First Amended Complaint, these allegations constitute a violation of Plaintiff's Fourteenth Amendment Constitutional Rights under 42 U.S.C. §1983 for failure to protect and deliberate indifference to serious Medical Needs, negligence, professional medical negligence, negligent hiring, negligent supervision and training, negligent retention, as well as a claimed waiver of governmental immunity and entitlement to punitive damages.

### III.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Accordingly, a motion brought under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). While pleadings do not require detailed factual allegations, they must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Put differently, "naked assertions devoid of further factual enhancements" are insufficient to survive a Rule 12(b)(6) challenge. *Id*. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Further, Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to challenge a court's subject matter jurisdiction. Where a court determines it lacks subject matter jurisdiction,

it "must dismiss the action." Fed. R. Civ. P. 12(h)(3). "In contrast to its treatment of disputed issues of fact when considering a Rule 12(b)(6) motion, a court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion." *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986). "The Fourth Circuit has not resolved whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or 12(b)(6)," but the recent trend appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)." *Chafin v. W. Reg'lJail*, No. 3:13-cv-01706, 2013 U.S. Dist. LEXIS 99979, 2013 WL 3716673, at *3 (S.D.W. Va. July 12, 2013) (internal quotation marks and citations omitted).

## IV.   <u>Argument</u>

### A.   <u>*Legal Standard for Qualified Immunity.*</u>

Section 1983 provides a private cause of action for the deprivation of rights, under color of state law, secured by the Constitution and laws of the United States. *Hafer v. Melo*, 502 U.S. 21, 27, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). *See also Jeffers v. W. Va. Div. of Corr. & Rehab.*, No. 3:19-0462, 2020 U.S. Dist. LEXIS 18760 at *17; 2020 WL 521851(S.D.W. Va. Jan. 31, 2020). To state a claim for deliberate indifference to serious medical needs under § 1983, "a plaintiff must demonstrate (1) a deprivation of the plaintiff's rights by the defendant that is, objectively, sufficiently serious and (2) that the defendant's state of mind was one of deliberate indifference to inmate health or safety." *Carroll v. W. Va. Reg'l Jail & Corr. Facility Auth.*, No. 3:14-1702, 2015 U.S. Dist. LEXIS 37581, 2015 WL 1395886, at *6 (S.D.W. Va. Mar. 25, 2015) (*citing Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)) (internal quotations omitted). As to the second prong, a plaintiff must demonstrate that a defendant "actually knew of and disregarded a substantial risk of serious injury to the detainee." *Young v. City of Mount Rainer*, 238 F.3d 567, 575-76 (4th Cir. 2001). It is not enough that an officer should have recognized a risk; instead, he must actually have perceived it. *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294,

303 (4th Cir. 2004). Moreover, an officer must have been "subjectively aware that his actions were inappropriate in light of the risk to inmate safety." *Carroll*, 2015 U.S. Dist. LEXIS 37581, 2015 WL 1395886, at *6 (*citing Parrish*, 372 F.3d at 303).

Further, to establish deliberate indifference based upon the Fourteenth Amendment,

> a pretrial detainee must [prove] that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023).

B. *These Defendants are Entitled to Qualified Immunity as the Plaintiff has pled no facts to demonstrate these Defendants disregarded a substantial risk of serious injury to the Plaintiff.*

Here these Defendants are entitled to qualified immunity from Plaintiff's Fourteenth Amendment Claims for Failure to Protect and Deliberate Indifference to Serious Medical Needs as Plaintiff has pled no facts against these Individuals which would support a waiver of this immunity. Specifically, regarding the failure to protect claim, Plaintiff vaguely asserts "[t]he Defendants knew and/or should have known that illegal narcotics had been brought into SRJ by inmates, corrections staff, food/medical vendors, and/or others, and there was a serious risk of substantial harm to Herbert Wayne Doss because of the use of illegal narcotics, and Defendants did nothing to prevent Herbert Wayne Doss from ingesting illegal narcotics while in WVDCR custody." *See ECF 4* at. ¶160.

Plaintiff states no specific actions or inactions with any particularity taken by any of these Defendants in regard to how illegal narcotics were brought into Southern Regional Jail. For example, Plaintiff does not even state that any of these Defendants were on duty in the facility

5

when the alleged illegal narcotics were brought onto the premises and/or ingested by the Plaintiff. As referenced above, It is not enough that an officer should have recognized a risk; instead, he must actually have perceived it. *Parrish*, 372 F.3d 294, 303 (4th Cir. 2004). Moreover, an officer must have been "subjectively aware that his actions were inappropriate in light of the risk to inmate safety." *Carroll*, 2015 U.S. Dist. LEXIS 37581, 2015 WL 1395886, at *6 (*citing Parrish*, 372 F.3d at 303). As Plaintiff has failed to plead any facts that any of these Defendants actually perceived illegal narcotics being brought into SRJ and/or being ingested by Plaintiff, Plaintiff has failed to demonstrate how any of these named Defendants were deliberately indifferent to the harm posed by Defendant taking illegal narcotics, and as such, these Defendants should be entitled to qualified immunity from any such claim.

As it relates to Plaintiff's medical emergency, Plaintiff has failed to allege any facts that would support a finding any of these Defendants were deliberately indifferent to his medical needs. Within Plaintiff's 244 paragraph First Amended Complaint, the only actions that are alleged to have been taken by each of these named Defendants are the following: Defendants Bonds, Lagowski, Williams, Burton, and Mills entered the cell (*see* ECF 4 ¶126);  Defendant Lagowski was dispatched to retrieve necessary medical equipment (*see* ECF 4 ¶126); questions were raised about the absence of an AED by Defendant Burton (*see* ECF 4 ¶131); and Defendant Allen arrived with a stretcher (*see* ECF 4 ¶126). Beyond this, Plaintiff goes on to to describe in extensive detail the medical treatment provided by Wexford and its employees when they arrived at Plaintiff's cell. *See generally*, ECF 4.

Plaintiff makes no allegations regarding the actions and/or inactions taken by any of these Defendants as it relates to the medical need of Plaintiff beyond those listed above. When looking at these alleged actions as a whole, Plaintiff fails to demonstrate that any of these Defendants

actually knew of and disregarded a substantial risk of serious injury to the Plaintiff as required to support a claim of deliberate indifference by *Young*, 238 F.3d 567, 575-76 (4th Cir. 2001). Moreover, an officer must have been "subjectively aware that his actions were inappropriate in light of the risk to inmate safety." *Carroll*, 2015 U.S. Dist. LEXIS 37581, 2015 WL 1395886, at *6 (*citing Parrish*, 372 F.3d at 303). Plaintiff pleads no such facts as it relates to any of these individually named Defendants. As Plaintiff has failed to sustain a showing in his First Amended Complaint that any of these Defendants disregarded a substantial risk of injury to the Plaintiff, these Defendants are entitled to Qualified Immunity from Defendant's 42 U.S.C. 1983 claims, and the same should be dismissed.

C. *These Defendants are entitled to Qualified Immunity for Plaintiff's State Law Negligence Claim.*

A claim for negligence is a question of state tort law. *See Wheeling Park Comm'n v. Dattoli*, 237 W. Va. 275, 787 S.E.2d 546, 551 (W. Va. 2016). As such, this means that West Virginia qualified immunity standards govern the Court's analysis on this issue. *See Bosley v. Lemmon*, 656 F. Supp. 2d 582, 590 (S.D.W. Va. Aug. 31, 2009). Of course, these state standards broadly mirror their federal counterparts. *Kowalski v. Berkeley Cnty. Pub. Schs.*, No. 3:07-CV-147, 2009 WL 10675108, at *19 (N.D.W. Va. Dec. 22, 2009). Under state law, "[a] public executive official who is acting within the scope of his authority . . . is entitled to qualified immunity from personal liability for official acts if the involved conduct did not violate clearly established law of which a reasonable official would have known." *W. Va. Reg'l Jail and Corr. Facility Auth. v. A.B.*, 234 W. Va. 492, 766 S.E.2d 751, 755, Syl. Pt. 5 (W. Va. 2014) (quoting State v. Chase Secs., Inc., 424 S.E.2d 591, Syl. (W. Va. 1992)). Further, State law also does not provide immunity for acts that are "fraudulent, malicious, or otherwise oppressive." *Id*.

7

When considering Plaintiff's claims, it is well established in West Virginia that allegations of simple negligence are not enough to overcome immunity. *A.B.*, 766 S.E.2d at 775 n. 32; *see also Clark v. Dunn*, 195 W. Va. 272, 465 S.E.2d 374, 375, Syl. Pt. 6 (W. Va. 1995) ("[T]he doctrine of qualified or official immunity bars a claim of mere negligence against a State agency not within the purview of the West Virginia Governmental Tort Claims and Insurance Reform Act . . . and against an officer of that department acting within the scope of his or her employment, with respect to the discretionary judgments, decisions, and actions of the officer."). It follows that a "public officer is entitled to qualified immunity for discretionary acts, even if committed negligently." *Maston v. Wagner*, 236 W. Va. 488, 781 S.E.2d 936, 948 (W. Va. 2015).

As discussed above, the only acts alleged to have been taken by these Defendants are the following: Defendants Bonds, Lagowski, Williams, Burton, and Mills entered the cell (*see* ECF 4 ¶126);  Defendant Lagowski was dispatched to retrieve necessary medical equipment (*see* ECF 4 ¶126); questions were raised about the absence of an AED by Defendant Burton (*see* ECF 4  ¶131); and Defendant Allen arrived with a stretcher (*see* ECF 4  ¶126). Beyond this, Plaintiff goes on to describe in extensive detail the medical treatment provided by Wexford and its employees when they arrived at Plaintiff's cell. *See generally*, First Amend. Comp. Based on these actions alleged in the First Amended Complaint, the Plaintiff has failed to allege in any way how any of these Defendants were negligent in preventing pretrial detainees and inmates, such as the Plaintiff, from having access to illegal narcotics or displaying a reckless disregard for the health and safety of Plaintiff.

Further, Plaintiff has failed to demonstrate how any of these actions alleged to have been taken by these Defendants could violate official acts if the involved conduct did not violate clearly established law of which a reasonable official would have known. Finally, to the extent any of the

actions of these Defendants are deemed to be negligent, these Defendants would still be entitled to qualified immunity from Plaintiff's negligence claim as said actions were within the discretionary acts of each of these Defendants in responding to Plaintiff's medical emergency. *See Maston*, 236 W. Va. 488, 781 S.E.2d 936, 948. For the foregoing reasons, these Defendants are entitled to qualified immunity form Plaintiff's state law negligence claim and the same should be dismissed against these Defendants.

D. *Plaintiff's Claim for Professional Medical Negligence Must be Dismissed against these Defendants as none of these Defendants are Medical Professionals.*

Plaintiff also alleges a Professional Medical Negligence claim (Count IV) against Defendants Wexford and its employees without making clear whether he is also bringing the same claims against these Defendants. To the extent Plaintiff is bringing this claims against these Defendants, these Defendants move for dismissal under Rule 12(b)(6) as Plaintiff has made no showing that any of these Defendants are medical professionals, medical providers, had any duty to provide professional medical care to Plaintiff, or allege in any way that they are liable for professional medical negligence under West Virginia law. As Plaintiff has failed to make this showing, the Plaintiff has failed to state a claim of upon which relief can be granted for this count against these Defendants and should be dismissed.

E. *Plaintiff's Claims for Negligent Retention, Negligent Supervision and Training, and Negligent Hiring Must be Dismissed as they are not Employers.*

Plaintiff also details counts of Negligent Hiring (Count V), Negligent Supervision and Training (Count VI), and Negligent Retention (Count VII) against Defendant Frame and Wexford without making clear whether he is also bringing the same claims against these Defendants. To the extent Plaintiff is bringing these claims against these Defendants, these Defendants move for dismissal under Rule 12(b)(6) as Plaintiff has made no showing that any of these Defendants are employers and/or in any way liable for the hiring, training, supervision, and or retention of

employees. As Plaintiff has failed to make this showing, the Plaintiff has failed to state a claim of upon which relief can be granted for these counts against these Defendants and should be dismissed.

F. *There is No Waiver of Governmental Immunity in this Case as Plaintiff has Pled no Facts to support that any actions of these Defendants were malicious, fraudulent, or otherwise oppressive.*

As Plaintiff has detailed in ¶243 of the First Amended Complaint, there is no immunity for an executive official whose acts are fraudulent, malicious, or otherwise oppressive. *See Parkulo v. West Virginia Board of Probation and Parole and the West Virginia Division of Corrections*, 199 W.Va. 161, 483 S.E.2d 507 (1997), Syllabus Point 8. However, Plaintiff pleads no facts to support such an assertion against any of these Defendants beyond a vague conclusory statement that the Defendants conduct has been fraudulent, malicious, and/or oppressive. Absent any factual support for the same throughout the entirety of the First Amended Complaint, this argument from Plaintiff must be dismissed and these Defendants have not waived their Qualified Immunity as "naked assertions devoid of further factual enhancements" are insufficient to survive a Rule 12(b)(6) challenge. *Ashcroft*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868.

## V.     Conclusion

**WHEREFORE**, for the reasons stated above, these Defendants respectfully move the Court to enter an Order dismissing all claims asserted against them with prejudice and for any and all other such relief as the Court deems appropriate and just under the circumstances.

> **TYLER BONDS,**
> **TAMARA LAGOWSKI,**
> **JARED WILLIAMS,**
> **NICHOLAS BURTON,**
> **DANIEL MILLS,**
> **and CHRISTOPHER ALLEN,**
>
> **By counsel,**

/s/ Zachary T. Ramey
Perry W. Oxley (WVSB #7211)
David E. Rich (WVSB #9141)
Zachary T. Ramey (WVSB #14382)
Oxley Rich Sammons, PLLC
517 9th Street, Suite 1000
Huntington WV 25701
304-522-1138
304-522-9528 (fax)
poxley@oxleylawwv.com
drich@oxleylawwv.com
zramey@oxleylawwv.com
*Counsel for Defendants Bonds,
Lagowski, Williams, Burton, Mills,
and Allen*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

**GERALD DOSS, on behalf of
the ESTATE OF
HERBERT WAYNE DOSS**

      **Plaintiff,**

**v.**                                                                      **Civil Action No.5:25-cv-00135**

**WILLIAM K. MARSHALL, Individually
as Commissioner of the West
Virginia Division of Corrections and
Rehabilitation;
JOHN FRAME, individually as a
Former Superintendent of Southern
Regional Jail and an employee of the West
Virginia Division of Corrections and
Rehabilitation;
TYLER BONDS, individually as an
employee of the West Virginia Division
of Corrections and Rehabilitation;
JARED WILLIAMS, individually as an
employee of the West Virginia Division
of Corrections and Rehabilitation;
TAMARA LAGOWSKI, individually
as an employee of the West Virginia
Division of Corrections and
Rehabilitation;
HAROLD WITHROW, individually
as an employee of the West Virginia
Division of Corrections and
Rehabilitation;
ZACHARY PEGRAM, individually
as an employee of the West Virginia
Division of Corrections and
Rehabilitation;
NICHOLAS BURTON, individually
as an employee of the West Virginia
Division of Corrections and
Rehabilitation;
TRACY BLEVINS, individually**

**as an employee of the West Virginia
Division of Corrections and
Rehabilitation;
ANDREW HUDSON, individually
as an employee of the West Virginia
Division of Corrections and
Rehabilitation;
DANIEL MILLS, individually
as an employee of the West Virginia
Division of Corrections and
Rehabilitation;
CHRISTOPHER ALLEN, individually
as an employee of the West Virginia
Division of Corrections and
Rehabilitation;
JESSICA SPARKS, LPN;
HALEY JOHNSON, LPN;
ASHLEY STROUP, LPN;
RACHEL BROOKS, MEDICAL ASSISTANT;
BETH WAUGH, LPN;
WEXFORD HEALTH SOURCES, INC.;
JOHN/JANE DOE WEXFORD HEALTH
SOURCES, INC. EMPLOYEES
and
JOHN/JANE DOE WVDCR EMPLOYEES.**

       **Defendants**

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants, Tyler Bonds, Tamara Lagowski, Jared Williams, Nicholas Burton, Daniel Mills, and Christopher Allen, served the foregoing "***MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF DEFENDANTS TYLER BONDS, TAMARA LAGOWSKI, JARED WILLIAMS, NICHOLAS BURTON, DANIEL MILLS, AND CHRISTOPHER ALLEN***" by electronically filing the same with the Clerk of the Court using the CM/ECF system on this **18th** day of **June 2025**, which serves notice upon the following counsel of record:

Stephen P. New
Emilee B. Wooldridge
Stephen New & Associates
430 Harper Park Drive
Beckley, West Virginia 25801
*Counsel for Plaintiff*

Timothy Lupardus
The Lupardus Law Office
275 Bearhole Road
Pineville, West Virginia 24874
*Counsel for Plaintiff*

Zachary Whitten (WVSB No. 13709)
The Whitten Law Office
P.O. Box 753
Pineville, West Virginia 24874
*Counsel for Plaintiff*

/s/ Zachary T. Ramey
Perry W. Oxley (WVSB #7211)
David E. Rich (WVSB #9141)
Zachary T. Ramey (WVSB #14382)